**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NFF, LLC., et al., <br><br>              Plaintiffs, <br><br>    vs. <br><br> United States of America, et al., <br><br>              Defendants. | No. CV-12-01091-PHX-PGR <br><br> ORDER |

Pending before the Court is defendant United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), (b)(6) and (h)(3) (Doc. 10). Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be granted on the ground that the Court lacks subject matter jurisdiction over this action.[1]

Background

Plaintiffs NFF, LLC and Robert Nickerson Farms, Inc. brought this action

---

[1] Although the plaintiffs have requested oral argument on the pending motion, the Court concludes that oral argument would not aid the decisional process.
     The Court notes that it has intentionally discussed only those arguments raised by the parties that it considered necessary to the resolution of the United States' Rule 12(b)(1) motion.

against the United States and individual fictitious defendants denominated as Six Unknown United States Drug Enforcement Administration Agents.[2]  The complaint, which does not contain any separate counts, raises a negligence-based claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and constitutional tort claims, apparently against all of the defendants, pursuant to Bivens v. Six Unknown Named Agents of the Bureau of Narcotics, 403 U.S. 388 (1971), for violation of the plaintiffs' Fourth, Fifth, and Fourteenth Amendments rights.  The complaint seeks $12,209,477.50 in compensatory damages, as well as unspecified punitive damages.

The plaintiffs operate farms in Yuma County, Arizona.  One of their principal crops has been ornamental poppies, which they have grown on a joint ownership basis.  The ornamental poppies are grown, allowed to dry in the fields and then harvested, after which they are sold to wholesale floral distributors or wholesale floral design manufacturers. The complaint alleges that the United States, operating through the Drug Enforcement Administration ("DEA"), negligently seized the plaintiffs' entire ornamental poppy crop without cause in June or July, 2010, and negligently eradicated and destroyed all of the poppy crop in July, 2010; the poppy crops located in the plaintiffs' fields were burned and the dried plants stored in the plaintiffs' warehouse were destroyed.

---

[2]  Although the plaintiffs commenced this action on May 23, 2012, they only served the United States and, as far as the Court can determine from the record, they have not made any effort to serve the fictitious defendants or to move for an extension of time to serve them, and the time for service on them pursuant to Fed.R.Civ.P. 4(m) has long since expired.  The Court advised the plaintiffs in its Order Setting Scheduling Conference (Doc. 7) that any defendant not timely served or for which a motion for an extension of time for service was not timely filed would dismissed without further notice.  The Court will therefore dismiss the fictitiously-named individual defendants from this action.

According to evidence submitted by the parties in conjunction with the United States' motion to dismiss, the plaintiffs' poppy crop and dried poppy inventory were seized and destroyed pursuant to various federal search and seizure warrants because, based on the DEA's pre-seizure testing of samples of the poppies, the poppies were of the *Papaver somniferum* variety, which is an opium poppy that is a Schedule II controlled substance under 21 U.S.C. § 812(c) that cannot be legally possessed and which is subject to forfeiture under 21 U.S.C. § 881(a)(8) and subject to destruction under 21 U.S.C. § 881(f)(2) and (g)(3). The evidence also shows that while the plaintiffs' own expert disputed that the DEA's testing methodology was sufficient to properly classify the poppies as *Papaver somniferum*, the plaintiffs' principals, Sally Nakasawa and Robert Nickerson, acting through Ms. Nakasawa's criminal defense attorney after the poppies were seized by the DEA, gave the government written permission on June 23, 2010 to dispose of the seized poppy plants and seeds, agreed that the poppy crop in the fields could be destroyed, and requested that Mr. Nickerson be allowed, under DEA supervision, to destroy the field crop because he did not own the fields and did not want them damaged. The defense attorney's written permission noted that neither Ms. Nakasawa nor Mr. Nickerson knew that their poppies were an unlawful variety. No criminal charges were brought against either Ms. Nakasawa or Mr. Nickerson.

Discussion

The United States has moved to dismiss the entirety of the complaint in part pursuant to Fed.R.Civ.P. 12(b)(1) and (h)(3) for lack of subject matter jurisdiction on the ground that the plaintiff's negligence claim against it is barred by sovereign

immunity.[3] Sovereign immunity is jurisdictional in nature because, absent a waiver, sovereign immunity shields the federal government from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The plaintiffs, who bear the burden of establishing that the Court possesses subject matter jurisdiction over this action, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), allege that jurisdiction exists due to the waiver of sovereign immunity set forth in the FTCA. Having reviewed the jurisdiction-related evidence of record submitted by both sides in connection with the Rule 12(b)(1) motion, the Court concludes that the plaintiffs have not established that the United States has waived its sovereign immunity either for their FTCA claim or for whatever constitutional tort claims they are alleging against the United States.[4]

While the FTCA generally waives sovereign immunity for claims arising from torts committed by federal employees, 28 U.S.C. § 1346(b)(1), there are certain exceptions to that waiver. The United States argues that the plaintiffs' negligence claim does not fall within the terms of the FTCA's waiver of sovereign immunity

---

[3] While the United States initially argues in its motion that the plaintiffs' FTCA claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, that portion of the motion is only resolvable if the Court first determines that it has subject matter jurisdiction over this action. *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).

[4] To the extent that the plaintiffs are attempting to allege constitutional torts claims under the FTCA against the United States and/or unknown individual federal DEA agents in their official capacities, which is not clear from the face of the complaint, any such claims are barred by sovereign immunity and are dismissed for lack of subject matter jurisdiction. *See* FDIC v. Meyer, 510 U.S. at 478 & 484 ("[T]he United States simply has not rendered itself liable under [28 U.S.C.] § 1346(b) for constitutional tort claims.") Sovereign immunity also bars claims brought under Bivens v. Six Unknown Named Agents of the Bureau of Narcotics, 403 U.S. 388 (1971), against the United States or any individual federal agents sued in their official capacities. *See* Daly-Murphy v. Winston, 837 F.2d 348, 355-56 (9th Cir.1987).

because this action falls under what is referred to as the "detention of goods" exception in the FTCA. This exception generally provides that sovereign immunity is not waived for "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]" 28 U.S.C. § 2680(c). Inasmuch as waivers of sovereign immunity must be construed strictly in favor of the sovereign, the "detention of goods" exception "is interpreted broadly" to maintain the United States' sovereign immunity for "the *entire universe of claims* against law enforcement officers ... arising in respect of the detention of property." Foster v. United States, 522 F.3d 1071, 1074 (9th Cir.2008) (emphasis and ellipsis in original; internal quotation marks omitted) (citing to Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228 (2008)).

The plaintiffs argue in their response to the motion to dismiss that the "detention of goods" exception is inapplicable because their FTCA claim "arises not from the detention of the poppies, but from Defendant's independent act of negligence in first failing to properly determine whether Plaintiffs' poppy crop and inventory were *Papaver somniferum.*" The plaintiffs, contending that the government's conclusion that the poppies were *Papaver somniferum* was the result of insufficient testing methods and inconclusive results, argue that this testing failure was a negligent act that was an independent and intervening event from the detention itself for purposes of Cervantes v. United States, 330 F.3d 1186 (9th Cir.2003). Cervantes involved a FTCA negligence claim by a plaintiff who, after purchasing a previously-seized car at a government auction that had marijuana hidden in its bumpers at the time of the auction, was arrested and incarcerated after the marijuana was subsequently found during a customs inspection. The Ninth Circuit held that the "detention of goods" exception did not bar the plaintiff's FTCA

claim because the government's alleged negligence arose not from the initial detention of the car but rather from the government's independent and subsequent decision to sell the car at auction without first inspecting it, which the Ninth Circuit reasoned was "an independent and intervening event from the detention itself." *Id.* at 1189.

The United States argues, and the Court agrees, that Cervantes is inapplicable under the facts of this case. Notwithstanding how the plaintiffs now characterize the United States' alleged negligence, what their complaint alleges is that the United States "carelessly and negligently seized, without cause, Plaintiffs' entire ornamental poppy crop" and "carelessly and negligently eradicated and destroyed" all of the poppy crop, and they seek in part damages of approximately $12.2 million in compensation for the value of the destroyed poppies.[5] These allegations, which clearly establish that the plaintiffs are challenging the propriety of the detention of their poppies, bring the plaintiffs' negligence claim within the "entire universe of claims" arising out of the detention of the poppies, and thus within the purview of the FTCA exception. *See* United States v. $149, 345 U.S. Currency, 747 F.2d 1278, 1283 (9th Cir.1984) (Court concluded that a counterclaim fell outside of the FTCA because the alleged injury arose from the detention of the seized currency and because the propriety of the detention was at issue.) The pre-seizure testing of samples of the plaintiffs' poppies, even if negligent, does not constitute an

---

[5] The Court notes that the complaint, other than conclusorily alleging that the seizure of the plaintiffs' poppies was "without cause," nowhere specifically alleges that the poppies were not the illegal *Papaver somniferum* variety, or that the United States' negligent pre-seizure testing of the poppies led it to misidentify the poppies as being the illegal variety.

intervening act independent of the detention itself; the plaintiffs' damages arise from the detention and subsequent destruction of the poppies, and the pre-seizure testing was an integral part of the detention process.[6]

The FTCA claim is therefore barred by the United States' sovereign immunity unless the plaintiffs can establish that their claim is saved by the amendment to the "detention of goods" exception set forth in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). CAFRA created what has been referred to as an "exception to the exception" by re-waiving the United States' sovereign immunity for a narrow category of forfeiture-related damages claims brought under the FTCA. In order for CAFRA's re-waiver to be applicable, the plaintiffs must satisfy four statutory conditions: (1) that their property was seized for the purpose of forfeiture under a federal law providing for the forfeiture of property other than as a sentence imposed upon a criminal conviction, (2) that their interest was not forfeited, (3) that their interest was not remitted or mitigated (if the property was subject to forfeiture), and (4) that they were not convicted of a crime for which their interest in the property was subject to forfeiture under a federal criminal forfeiture statute. 28 U.S.C. § 2680(c)(1)-(4). The failure to satisfy any one of the conditions prevents the plaintiffs from availing themselves of CAFRA's re-waiver of sovereign immunity. *See* Diaz v. United States, 517 F.3d 608, 613-14 (2d Cir.2008) (A claimant must meet all four of the requirements set forth in § 2680(c)(1)(-(4) in order to benefit from CAFRA's re-waiver of sovereign immunity.)

While maintaining that they are not required to satisfy the CAFRA factors in

---

[6] As the plaintiffs state in their response, "Defendant's negligent determination that Plaintiffs' poppies were *Papaver somniferum* directly and proximately caused the destruction of the ornamental poppy crop and dried poppy inventory."

- 7 -

order for subject matter jurisdiction to exist because their FTCA claim does not fall within the "detention of goods" exception, which is an argument the Court rejects, the plaintiffs alternatively argue that if CAFRA is applicable, they have satisfied all four of its factors. The defendants, who do not dispute that the plaintiffs meet the second and fourth factors because no forfeiture proceeding was ever instituted against them and they were not convicted of any forfeiture-related crime, argue that the plaintiffs cannot meet the first and third factors.

Establishment of the first CAFRA factor, which the Court concludes is the only one it need consider to resolve the motion to dismiss, requires the plaintiffs to make a prima facie jurisdictional showing that their poppies were seized solely for the purpose of forfeiture, which in effect requires a prima facie showing that a legitimate criminal investigation purpose did not also underlie the poppies' seizure. Foster v. United States, 522 F.3d at 1075 ("We hold that, under CAFRA, the re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized solely for the purpose of forfeiture. Consequently, the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiffs' property does not detract from the application of the detention of goods exception when criminal investigation was a legitimate purpose of the initial seizure.") The United States argues that the first CAFRA factor cannot be met because the seizure of the poppies was in furtherance of a criminal investigation of the poppy growing and distribution-related activities of the plaintiffs and their principals. The plaintiffs argue that the search warrant evidence of record establishes that no criminal investigation in fact occurred because the warrants only were for the seizure and destruction of the plaintiffs' poppies.

The Court concludes that the evidentiary materials relied on by the plaintiffs,

as opposed to the plaintiffs' mere arguments, are insufficient to demonstrate facts that support a prima facie showing of jurisdiction. The plaintiffs have not met their burden because their proof shows at best that forfeiture was a purpose of the poppies' seizure; it does not demonstrate facts which sufficiently support a finding that forfeiture was the sole purpose of the seizure, which is necessary in order to invoke CAFRA's re-waiver of sovereign immunity.[7]  Therefore,

IT IS ORDERED that the fictitious individual defendants denominated as Six Unknown United States Drug Enforcement Administration Agents are dismissed from this action without prejudice pursuant to Fed.R.Civ.P. 4(m).

IT IS FURTHER ORDERED that the United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), (b)(6) and (h)(3) (Doc. 10) is granted to the extent that all claims against the United States are dismissed for lack of subject matter jurisdiction.

---

[7]
   The Court rejects the plaintiffs' assertion that the search warrant evidence they rely upon cannot be characterized as being in furtherance of a criminal investigation. That evidence shows that the DEA was interested in obtaining evidence typically used to further a criminal investigation in addition to obtaining the seizure and destruction of the poppy crop and dried poppy inventory located at the plaintiffs' farms and other property. For example, the record contains a search warrant issued on July 2, 1010 by Magistrate Judge Michelle Burns that authorizes in part the seizure from Ms. Nakasawa's property of "[a]ny documents pertaining to shipping records, customer lists, wire transfer documents, written correspondents [sic] with customers, and other documents related to the distribution of poppy pods."
   Furthermore, the Court notes that the record also contains affidavits from Ms. Nakasawa and Mr. Nickerson relevant to the criminal investigation-related jurisdictional issue wherein they both state that they agreed to the destruction of their poppy crop and warehouse inventory because of the pressure they felt from the government that if they "did not agree to destroy the crop, [they] would be arrested, charged and possibly go to prison[,]" which are fears they would not have had if all that they then faced was the forfeiture of their poppies.

1     IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment
2 accordingly.
3     DATED this 26th day of February, 2013.

                                Paul G. Rosenblatt
                                United States District Judge